IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATIYA MCCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-258-GPM |
| | ) |
| TACO BELL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on April 24, 2006, for a hearing on the motion for summary judgment filed by Defendant Taco Bell Corporation (Doc. 18). Following argument from counsel, the Court granted the motion on the record and promised this brief written order to follow.

The standard applied to summary judgment motions filed under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

The facts underlying the claims of hostile environment sexual harassment made by Atiya McCray are set forth on the record of the April 24 hearing. In short, McCray, a Taco Bell crew worker, claims that her supervisor, Karen Becker, created a hostile work environment by inappropriately touching her and making various improper comments in the workplace. Taco Bell argues that it is entitled to summary judgment for the following reasons: (1) McCray never filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and her EEOC questionnaire is insufficient to constitute a charge; (2) the harassment alleged by McCray was not severe or pervasive; (3) it is entitled to an affirmative defense under the United States Supreme Court cases of *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); and (4) McCray was not constructively discharged.

For the reasons expressed on the record at the April 24 hearing, Defendant Taco Bell Corporation is entitled to judgment as a matter of law. McCray has failed to meet her burden to establish that she filed a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(b). Moreover, McCray has not shown that "she was subjected to harassment so severe or pervasive that it altered the conditions of her employment." *Patt v. Family Health Systems, Inc.*, 280 F.3d 749, 754 (7th Cir. 2002).

Finally, the Court rejects the argument that McCray was constructively discharged. The facts surrounding the end of her employment do not reveal that her "working conditions were so intolerable as a result of unlawful discrimination that a reasonable person would be forced into involuntary resignation." *Tutman v. WBBM-TV, Inc./CBS, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000).

Instead, it appears she simply quit because she was mad about something that had nothing to do with sexual harassment.

Because there was no tangible employment action, Taco Bell is entitled to an affirmative defense under *Faragher* and *Ellerth*. The affirmative defense consists of two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm otherwise." *Faragher*, 524 U.S. at 807. The record is replete with evidence that Taco Bell has policies and procedures in effect to prevent and correct sexual harassment, and McCray signed an acknowledgment indicating she knew about these policies and procedures. Moreover, she admits in her EEOC questionnaire that she did not complain regarding the alleged harassment. (*See* Exhibit 16 to brief in support of motion for summary judgment – Doc. 19.) Accordingly, Taco Bell has met its burden of establishing the *Faragher/Ellerth* affirmative defense by a preponderance of evidence.

The motion for summary judgment (Doc. 18) is **GRANTED**, and this action is **DISMISSED on the merits** with costs awarded to Defendant Taco Bell. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 04/25/06

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge